[Cite as *Brown v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-4395.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Yusuf Brown, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-468 |
| v. | : | (Ct. of Cl. No. 2013-00158) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on October 22, 2015

*Swope and Swope*, and *Richard F. Swope*, for appellant.

*Michael DeWine*, Attorney General, *Eric A. Walker* and *Frank S. Carson*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} Yusuf Brown is appealing from an adverse ruling in the Court of Claims of Ohio. He assigns ten errors for our consideration:

> [1.] THE TRIAL COURT ERRED WHEN THE COURT FAILED TO CONSIDER THE AFFIDAVIT OF EVIDENCE, WHICH THE COURT ACKNOWLEDGED WAS RATHER COMPLETE, BUT DID NOT CONTAIN ALL OF THE EVIDENCE, CONTRARY TO CIV.R. 53(D)(3)(b)(iii), WHICH PROVIDES FOR AN AFFIDAVIT OF THE PARTIES' RECOLLECTION, WITHOUT PROVIDING FOR INPUT BY EITHER THE OPPOSING PARTY OR COURT, AS DOES APP.R. 9(C), OR REQUIRING EVERY FACT PRESENTED.
>
> [2.] THE TRIAL COURT ERRED IN SUSTAINING THE MAGISTRATE'S DECISION, ALLOWING THE PLAYING OF

A DEPOSITION, WHEN THE DOCKET INDICATES IN-MATE NEWELL WAS SUBPOENAED FROM OAKWOOD TO ALLEN, LESS THAN A QUARTER OF A MILE AWAY.

[3.] THE TRIAL COURT AND MAGISTRATE ERRED IN DENYING LIABILITY WHEN THE RECORD IS CLEAR THERE WAS AN INSTITUTIONAL SEPARATION BE-TWEEN NEWELL AND PLAINTIFF-APPELLANT BROWN AND THE DEFENDANT-APPELLEE ADMIT[S] THEY HON-ORED IT, SEPARATING THE INMATES FROM CONTACT IN THE SAME PRISON AND WITH THE KNOWLEDGE OF THIS, NEGLIGENTLY ALLOWED TWO SEPARATED IN-MATES TO COME INTO CONTACT, NOT ONCE, BUT TWICE, RESULTING IN INJURY TO THE PLAINTIFF-APPELLANT AND ERRED IN NOT FINDING DEFENDANT-APPELLEE LIABLE.

[4.] THE TRIAL COURT ERRED IN SUSTAINING THE MAGISTRATE'S DECISION WHICH ERRONEOUSLY DID NOT RULE ON THE FAILURE TO PRODUCE ALL SECUR-ITY TAPES OF THE GYM, WHICH PREJUDICED PLAINTIFF-APPELLANT BECAUSE THE TAPES CON-FIRMED PLAINTIFF-APPELLANT'S TESTIMONY THAT THE DEFNDANT-APPELLEE FAILED TO PROTECT BOTH INMATES BY KEEPING THEM APART, PURSUANT TO R.C. 2921.44(C)(3) AND (5), AND COMMON LAW, WHICH REQUIRE PROTECTION AND ABIDING BY LAWFUL REGULATIONS REGARDING SEPARATION OF INMATES.

[5.] THE TRIAL COURT AND MAGISTRATE ERRED IN RULING CIV.R. 32(A)(3) PERMITTED THE USE OF THE DEPOSITION OF EMANUEL NEWELL.

[6.] THE TRIAL COURT AND MAGISTRATE FAILED TO RULE ON OBJECTIONS IN THE DEPOSITIONS, IN TRIAL, OR IN THE FINAL DECISION.

[7.] THE TRIAL COURT AND MAGISTRATE ERRED IN RULING THAT ADMINISTRATIVE REGULATIONS AND DEPARTMENT POLICY AS TO SEPARATIONS WERE DISCRETIONARY AND THAT DEFENDANT-APPELLLE HAD NO DUTY TO ENSURE SEPARATIONS BASED ON DISCRETIONARY IMMUNITY.

[8.] THE TRIAL COURT AND MAGISTRATE ERRED IN PERMITTING OVER OBJECTION THE INVESTIGATION

REPORT, DEFENDANT'S EXHIBHIT A, DATED OCTO-BER 2, 2012.

[9.] THE TRIAL COURT AND MAGISTRATE ERRED IN OVERRULING PLAINTIFF-APPELLANT'S MOTION TO COMPEL ALL SECURITY TAPES, INCLUDING THE TAPE OF THE GYMNASIUM ON THE MORNING OF SEP-TEMBER 28, 2012, AS WELL AS RIB TAPES AND RECORDS RELATED TO DONALD SOKE.

[10.] THE TRIAL COURT'S AND MAGISTRATE'S DECI-SIONS AND RULINGS WERE CONTRARY TO LAW AND AGAINST THE WEIGHT OF THE EVIDENCE.

{¶ 2} Brown was assaulted by Emanuel Newell despite orders to keep the two inmates separated. The two inmates were both housed at Allen Oakwood Correctional Institution as a result of protective custody units for inmates being consolidated by the Ohio Department of Rehabilitation and Correction ("ODRC"). However, they were never supposed to be in the same area of the prison at the same time.

{¶ 3} On September 28, 2012, both men were in the gymnasium of the prison. Apparently, the two inmates chose to have an encounter and went into a restroom together, closing the restroom door behind them. Brown was bitten during the encounter and required medical attention. The men had had a serious confrontation over ten years earlier, which is why they were supposed to be kept apart.

{¶ 4} Stated briefly, the evidence in the trial indicates that Brown and Newell chose to go into a prison restroom to have a fight, even going to the point of posting a lookout outside the restroom door. Brown got injured in the fight and now wants ODRC to pay him because ODRC did not prevent the fight in which he willingly participated. None of the evidence which was considered by the trial court or which was not admitted at the trial changes this basic reality. As a result, none of the assigned errors are reversible errors.

{¶ 5} Turning to the individual assignments of error, the trial court judge who reviewed the magistrate's decision had sufficient information upon which to reach a final verdict.

{¶ 6} The first assignment of error is overruled.

{¶ 7}   The trial court had the benefit of Newell's sworn testimony in making its decision.  We have no basis for finding that Newell's testimony at trial could have differed from his earlier sworn statements.  Newell consistently tried to blame Brown for the fight, and Brown tried to blame Newell.  Neither was without fault.

{¶ 8}   The second assignment of error is overruled.

{¶ 9}   The third assignment of error touches upon the central point.  Should ODRC pay money to an inmate who disregards his obligation to stay away from another inmate with whom he has a violent history?  Should ODRC be financially liable to an inmate who chooses to get into a fight, even to the point of going into a private area and posting a lookout to assure the fight will not be interrupted?  Our simple answer is "No."  Brown's injuries were the result of his own choice to have a fight.  ODRC was not obligated to protect him from himself.

{¶ 10} The third assignment of error is overruled.

{¶ 11} The security tape from the time frame when the fight occurred was entered into evidence and is in the appellate record before us.  There is no indication that Brown was in any way injured because he was with Newell in the gymnasium earlier in the day.  Any other security tapes are irrelevant to the key issues.

{¶ 12} The fourth assignment of error is overruled.

{¶ 13} The same reasons which demonstrate that the second assignment of error does not constitute reversible error apply to the fifth assignment of error.

{¶ 14} The fifth assignment of error is overruled.

{¶ 15} Similarly, the objections in the body of Newell's deposition do not touch upon the key issue.  Brown and Newell chose to fight and Brown was injured.

{¶ 16} The sixth assignment of error is overruled.

{¶ 17} The choice of an inmate to get into a fight does not somehow place strict liability upon ODRC.  Even if ODRC could somehow be seen as negligent for failing to keep the two inmates apart, that negligence is more than overcome by Brown's choice to engage in the fight and retire to a restroom to engage in the fight.

{¶ 18} The seventh assignment of error is overruled.

{¶ 19} The investigative report mentioned in the eighth assignment of error did not change the clear facts surrounding the fight.  Its admission could not be considered reversible error.

{¶ 20} The eighth assignment of error is overruled.

{¶ 21} The same reasons which apply to the fourth assignment of error apply to the ninth assignment of error.

{¶ 22} The ninth assignment of error is overruled.

{¶ 23} As indicated earlier, the trial court's finding that ODRC was not liable to Brown because Brown chose to engage in a fight with another inmate is in accordance with the applicable case law and is fully in accord with the evidence.

{¶ 24} The tenth assignment of error is overruled.

{¶ 25} All ten assignments of error having been overruled, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____